ALBERT E. ROBERTS *vs.* MAUDE REISIG.

Middlesex.    January 10, 1936. — February 26, 1936.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Contract*, Implied.

In an action for labor and materials furnished on real estate of the defendant, a married woman, evidence that the defendant's husband had ordered the work with her knowledge and by her direction warranted a finding for the plaintiff.

CONTRACT. Writ in the District Court of Newton dated July 27, 1932.

The action was heard in the District Court by *Bacon*, J., who found for the plaintiff in the sum of $1,657.92 and in-

terest.  A report to the Appellate Division for the Northern District was ordered dismissed.  The defendant appealed.

The case was submitted on briefs.

*J. H. Leddy*, for the defendant.

*J. G. Bryer*, for the plaintiff.

CROSBY, J.  This is an action of contract to recover for certain plumbing and heating work performed, and for materials furnished the defendant on her order, upon certain premises in West Newton.

The plaintiff at the trial testified in his direct examination that as the result of a telephone call from the defendant's husband in February, 1931, he went to the premises — at that time a new, unoccupied house — accompanied by one Blanchard who was in his employ; that when they arrived they met the defendant and her husband; that the witness was requested to make an examination of the plumbing and heating plant installed in the house; that subsequently he did so and later reported to the defendant's husband that the plumbing and heating systems were inadequate, and recommended changes and new installations. The items are set forth in the plaintiff's account annexed to the declaration.  The plaintiff testified that, at the time he made his report of the proposed changes to the defendant's husband, in the presence of the defendant and Blanchard, the defendant's husband said, "That's right, is it, these changes have got to be made"; that the plaintiff replied, "Yes, I recommend them"; and "that Mrs. Reisig stated, 'Well, if this work has to be done, you might as well go ahead and do it.'"  Blanchard testified that he overheard this and other parts of the conversation.  The plaintiff further testified that as a result of these instructions from the defendant he proceeded with the work, and finished it, and from time to time mailed bills to the defendant, postage prepaid, with his return address thereon; that they were not returned to him; that the defendant did not dispute the bills until June 10, 1932, when through her counsel she "protested that she was not responsible for the bills; that she protested on the 13th of July, 1932, and was subsequently sued by the plaintiff."  A steam-

fitter in the employ of the plaintiff testified that he was requested by the defendant during the work of installing the new heating system to move a thermostat from one portion of a wall to another place. There was evidence offered by the plaintiff of a contract dated January 30, 1931, for the purchase of the premises where this work had been performed by the plaintiff, which contract contained the alleged signature of the defendant. The defendant objected to the admission of this contract, alleging that it was not signed by her. The judge admitted the contract subject to the defendant's objection. The plaintiff subsequently introduced additional evidence respecting the alleged contract.* The judge ruled that the evidence was admissible subject to the defendant's objection. As the additional evidence is not before us it cannot properly be held that the contract was inadmissible.

At the close of the evidence the defendant presented fourteen requests for rulings. Certain of them were given and the others refused. The requests which were refused need not be considered separately. No error of law appears by reason of the manner in which they were dealt with by the judge.

The judge found the following facts: "The plaintiff performed the labor and furnished the materials as set forth in the declaration, on premises of the defendant under a contract made in the defendant's name with the defendant's husband. The defendant was present on the premises and gave directions to the plaintiff regarding the performance of the contract from time to time, while the contract was being performed. The defendant received bills from the plaintiff for the work done which were ignored, but not repudiated, by the defendant. I find that the defendant had full knowledge of the transaction and that the plaintiff had authority from the defendant to perform the contract on the defendant's behalf. . . . I find

---

* The report on this subject reads as follows: "The plaintiff subsequently introduced additional evidence concerning the terms and the consummation of the alleged agreement, all of which evidence the defendant objected to." — REPORTER.

for the plaintiff in the sum of $1,657.92 with interest from May 1, 1931." This was the full amount of his claim. The report of the case to the Appellate Division for the Northern District was ordered dismissed. The defendant appealed.

It is not disputed by the defendant that the labor was performed, and that the materials were furnished by the plaintiff, for the plumbing and heating system of the defendant's house. If, as the plaintiff testified, he made an examination of the plumbing and heating system at the request of the defendant's husband, and thereafter he made a report of the proposed necessary changes to the defendant's husband, the defendant being present, and she stated to the plaintiff, "Well, if this work has to be done, you might as well go ahead and do it," and as a result of the instructions he proceeded with the work, the defendant could be found to be liable to the plaintiff for his charges for labor and materials, the amount of which does not seem to be disputed.

No error appears in the rulings made or refused. The finding of the judge that the defendant "had full knowledge of the transaction and that the plaintiff had authority from the defendant to perform the contract on the defendant's behalf" was warranted by the evidence.

The entry will be

*Order dismissing report affirmed.*